UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMSON WOUBETU, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CATHOLIC CHARITIES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  22-3014 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.  The Court will grant the application, and for the reasons discussed below, will dismiss the complaint without prejudice.

Plaintiff, who is homeless, has been staying at a shelter operated by Catholic Charities. *See* Compl. at 1.  Generally, plaintiff complains that shelter staff have taken his property, *see id.*, refused to serve coffee regularly, *see id.* at 2, and have not found him more permanent housing, *see id.* at 1.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."  *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the Court's

1

jurisdiction, *see* Fed. R. Civ. P. 8(a), and the Court must dismiss an action if it determines that subject matter jurisdiction is wanting, *see* Fed. R. Civ. P. 12(h)(3).

This complaint does not present a federal question, and the case may proceed only if plaintiff establishes diversity jurisdiction. Because all parties appear to reside or conduct business in the District of Columbia, plaintiff does not demonstrate complete diversity. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."). "When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit." *Bush*, 521 F. Supp. 2d at 71 (citing *Fox v. Bd. of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir.1994)) (additional citation omitted).

An Order is issued separately.

DATE: November 2, 2022                                                  /s/
                                                                        JAMES E. BOASBERG
                                                                        United States District Judge